Eugene E. WELLS, Plaintiff,

v.

**ORDER OF RAILWAY CONDUCTORS AND BRAKEMEN; Rock Island Lines Order of Railway Conductors and Brakemen; Local #106, Order of Railway Conductors and Brakemen; Chicago Rock Island and Pacific Railroad Company; General Committee of Adjustment, United Transportation Union, Rock Island Lines, Defendants.**

No. 68 C 193.

United States District Court
N. D. Illinois, E. D.
Jan. 27, 1970.

**398**

Harold A. Sanford, Jr., Gunther & Choka, Chicago, Ill., for plaintiff.

Burke Williamson and Jack A. Williamson, Adams, Williamson & Turney, Chicago, Ill., for defendants Order of Railway Conductors and Brakemen, Rock Island Lines Order of Railway Conductors and Brakemen, Local #106, Order of Railway Conductors and Brakemen, General Committee of Adjustment, United Transportation Union, and Rock Island Lines.

E. D. Curlee and O. L. Houts, Chicago, Ill., for defendant Chicago, Rock Island and Pacific Railroad Co.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

ROBSON, District Judge.

Defendants have moved to dismiss the amended complaint on grounds that the court lacks jurisdiction over the subject matter, that service of process is insufficient, and that the amended complaint fails to state a claim upon which relief can be granted. Without reaching the latter grounds, this court is of the opinion that the motion should be granted because this court lacks jurisdiction over the subject matter.

Taking the allegations of the complaint as true, and referring to a stipulation of facts entered into by the parties for purposes of this motion, the essential facts are as follows: Plaintiff Eugene E. Wells was employed as a conductor by the Chicago, Rock Island and Pacific Railroad Co. in October of 1964 when he was allegedly wrongfully discharged by the railroad for a rule infraction. At that time, conductors employed by the railroad were represented for purposes of collective bargaining under the Railway Labor Act by the Brotherhood of Railroad Trainmen, which had been so certified since an election in 1959. In October of 1964, plaintiff Wells was an active member in good standing of Local #106, Rock Island Lines Order of Railway Conductors and Brakemen, affiliated with the national Order of Railway Conductors and Brakemen (hereinafter collectively referred to as the ORCB), which had been the certified representative of the conductors prior to the 1959 election. The ORCB undertook, as a part of its free service to its members, to prosecute Wells' grievance of wrongful discharge before the railroad. After bargaining with the ORCB, the railroad refused to reinstate Wells on May 19, 1965. The ORCB then informed Wells that it would continue to press his claim through the next step in the grievance procedure—application to National Railway Adjustment Board (NRAB). The ORCB failed to act as promised within the one-year filing time, i. e., by May 19, 1966, and Wells was forced to make his own application which is still pending.

The plaintiff alleges that by its action the ORCB has violated its duty of fair representation under the Railway Labor Act because it arbitrarily and in bad faith failed to fully prosecute his grievance and can be charged with "tortious neglect." He asks damages from the ORCB (and its successor since January 1, 1969, the United Transportation Union) consisting of lost pay since his discharge and costs incurred in the present suit and his personal application before the NRAB. He invokes the jurisdiction of this court under provisions of the Railway Labor Act.

It is now clear that a railroad employee such as Wells has the *right* under the Railway Labor Act to designate a minority union, of which he is a member but which is not the certified representative for his class or craft under the Act, to prosecute his grievance claims. McElroy v. Terminal Railroad Association of St. Louis, 392 F.2d 966 (7th Cir. 1968), cert. den. Brotherhood of Locomotive Engineers v. McElroy, 393 U.S. 1015, 89 S.Ct. 610, 21 L.Ed.2d 559 (1969); Brotherhood of Locomotive Engineers v. Denver & Rio Grande Western Railroad Co., 411 F.2d 1115, 1118 (10th Cir. 1969). The issue here, however, is whether the minority union, freely designated, has a *duty* under the Railway Labor Act of fair representation similar to that duty imposed on majority unions which have been certified under the labor laws. *E. g.*, Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). No authority for this proposition has come to this court's attention, and this court is of the opinion that no such duty devolves upon the uncertified, minority union. Rather, the rationale of cases imposing the duty of fair representation both as to collective bargaining and the enforcement of the resulting agreement has rested upon the exclusive legal status of majority union in the labor law scheme. For example, the Supreme Court stated in Vaca, supra, at 177, 87 S.Ct. at 910:

> " * * * [T]he *exclusive agent's statutory authority* to represent all members of a designated unit *includes a statutory obligation* to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." (Emphasis added)

*See also* Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

It is clear that the implied statutory duty derives from the exclusive status of the certified bargaining agent, i. e., the majority union. A minority un-

ion, of which an employee happens to be a member, does not occupy the same status in the labor scheme and should not be held to the same duty under the labor acts. Its agreement with its member is a personal one, and the member's remedy, in case of breach, is adequately provided for in tort or contract.

This court holds then that the ORCB as a minority union has no duty grounded in the Railway Labor Act to fairly represent its member in a grievance dispute. Since no other basis of federal jurisdiction appears, the case must be dismissed for lack of jurisdiction over the subject matter.

It is ordered therefore that defendants' motion to dismiss the amended complaint be, and it is hereby granted, and that the cause be, and it is hereby dismissed.